SPENCER FANE LLP
David E. Funkhouser III (No. 022449)
Jessica A. Gale (030583)
2415 East Camelback, Suite 600
Phoenix, AZ 85016
Telephone: (602) 333-5430
Email: dfunkhouser@spencerfane.com
       jgale@spencerfane.com

Attorney for Defendant Wilmington Savings
Fund Society, FSB, as Trustee of Stanwich
Mortgage Loan Trust I

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Vesper Properties, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Wilmington Savings Fund Society, FSB, as Trustee of Stanwich, et al.,<br><br>Defendants. | No.<br><br>**NOTICE OF REMOVAL** |

Defendant Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust I ("Wilmington") submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 and provides as grounds for removal the following:

**I.   STATE COURT ACTION**

1. On May 12, 2022, Plaintiff Vesper Properties, LLC ("Plaintiff") filed a civil lawsuit titled *Vesper Properties, LLC v. Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust I, et al.,* Pima County, Arizona, Case No. C20221840, which is pending in the Arizona Superior Court for Pima County, a state court within the District of Arizona (the "State Court Action"). Plaintiff's Complaint alleges three (3) counts against Defendants related to real property located at 5264 N.

Camino De La Cumbre, Tucson, Arizona 85750 (the "Property"): (1) quiet title; (2) wrongful refusal to release lien in violation of A.R.S. § 33-420; and (3) declaratory judgment.

2.  Wilmington removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

3.  Wilmington has not pled, answered, or otherwise appeared in the State Court Action.

4.  The other named Defendants have not been served in the State Court Action as of the date of this Notice of Removal and are also entitled to automatic removal to this Court as more fully explained below.

5.  Venue is proper because this Court is part of the district encompassing the place where the State Court Action was filed.

## II.   PROCEDURAL REQUIREMENTS

6.  Wilmington was served with a Summons, Verified Complaint, and a Certificate of Compulsory Arbitration in the State Court Action on May 13, 2022. True and complete copies of the Summons to Wilmington, Verified Complaint, Certificate of Compulsory Arbitration, and Certificate of Service[1] are attached as **Exhibit 1**.

7.  As of the date of this Notice of Removal and pursuant to the State Court Action's electronic docket, the other Defendants have not been served with a copy of the Verified Complaint. As a result, and pursuant to 28 U.S.C. § 1446(b)(2)(A), their consent to this removal is not required because they have not "been properly joined and served" as defendants in the State Court Action. Also, pursuant to 28 U.S.C. § 1444, "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and

---

[1] Undersigned counsel requested a copy of the Certificate of Service for Wilmington from Plaintiff's counsel, but Plaintiff has not yet filed it in the State Court Action.

division in which the action is pending." Section 2410(a)(1) allows the United States, here Defendants HUD and the Secretary of HUD, to be named as parties in any civil action that involves a claim to quiet title and remove that civil action to this Court.

8. Wilmington files this Notice of Removal within thirty (30) days after Wilmington was served with the Summons and Verified Complaint, the date from which it may be ascertained that this case is one which is removable and within one year after commencement of the State Court Action. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

9. A copy of this Notice of Removal has been filed with the State Court Clerk pursuant to 28 U.S.C. § 1446(d) and LR Civ. 3.6(a).

**III. DIVERSITY JURISDICTION**

10. The Court has diversity jurisdiction in the matter. Where there is complete diversity among Plaintiff and Defendants, and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a).

11. Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendants. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). This controversy is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

12. Wilmington is informed and believes, and on that basis alleges, that Plaintiff was, and is now, domiciled in the state of Arizona, at the time of service of the Summons, Verified Complaint, and Certificate of Compulsory Arbitration on Wilmington.

13. Plaintiff is an Arizona limited liability company. Limited liability companies are citizens "of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). According to the Arizona Corporation Commission, Plaintiff is an Arizona limited liability company, and its sole member is Perfect Dwellings LLC, which is also an Arizona limited liability company.

- 3 -

PH 1261046.2

14. According to the Arizona Corporation Commission, Perfect Dwellings, LLC has four (4) managers: Brady Hall, Gustave Fenn, Reece Fish, and The Last Trust. Of Perfect Dwellings' four (4) managers, three (3) are natural persons. A natural person's state citizenship is determined by the party's state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is [her] permanent home, where [she] resides with the intention to remain or to which [she] intends to return." *Id.*

15. According to the Arizona Corporation Commission, Perfect Dwellings' individual managers have maintained Arizona addresses for several years, and therefore, upon information and belief, are domiciled in Arizona. Perfect Dwellings' fourth manager, The Last Trust, also has maintained an Arizona address for several years. For these reasons, Plaintiff is domiciled in the state of Arizona and is a citizen of Arizona.

16. Wilmington is a federal savings association organized under the laws of the United States. Pursuant 12 U.S.C. § 1464(x), for diversity jurisdiction purposes, a "[f]ederal savings association shall be considered to be a citizen only of the State in which such savings association has its home office." *See also* 12 U.S.C. § 1464(a)(1) (defining "Federal Savings associations" to "includ[e] Federal savings banks"); *Wilmington Savs. Fund Soc'y, FSB v. Universitas Educ.*, LLC, 164 F. Supp. 3d 273, 283 (D. Conn. 2016) (citing the same). Wilmington's home office is in Wilmington, Delaware. *See* Our Companies, *available at* https://www.wsfsbank.com/about-us/our-companies (identifying Wilmington's headquarters at 500 Delaware Avenue, Wilmington, DE 19801) (last visited June 3, 2022).

17. At the time of service of the Summons, Verified Complaint, and Certificate of Compulsory Arbitration on Wilmington, Defendant Secretary of Housing and Urban Development, Secretary Marcia L. Fudge, is an individual who is domiciled in Washington, D.C. *See* Marcia L. Fudge, Secretary of HUD, *available at* https://www.hud.gov/about/leadership/marcia_fudge (last visited June 3, 2022).

18. At the time of service of the Summons, Verified Complaint, and Certificate of Compulsory Arbitration on Wilmington, Defendant United States Department of Housing and Urban Development is likewise located and domiciled in Washington, D.C. *Id.* (stating that HUD is located at 451 7th Street, S.W., Washington, DC 20410).

19. Thus, because Plaintiff is a citizen of Arizona and none of the Defendants are citizens of Arizona, there is complete diversity among Plaintiff and Defendants.

20. The amount in controversy in this case satisfies the requirements of 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

21. "In a suit to quiet title, the amount in controversy is the value of the subject property." *McLaughlin v. Mortgage Elec. Registration Sys. Inc.*, CV-11-1864-PHX-JAT, 2012 WL 1520123, at *2 (D. Ariz. May 1, 2012) (citing *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 n. 2 (9th Cir.2011)). *See also Woodside v. Ciceroni*, 93 F. 1, 4 (9th Cir.1899) ("In a suit to quiet title, or to remove a cloud therefrom, it is not the value of the defendant's claim which is the amount in controversy, but it is the whole of the real estate to which the claim extends."). According to the Pima County Assessor, the Property is valued at $266,582 for 2022. *See* **Exhibit 2.** According to Zillow, the Property is valued at $443,600. *See* Zillow, *available at* https://www.zillow.com/homes/for_sale/5264-N.-Camino-De-La-Cumbre,-Tucson,-Arizona-85750_rb/8447270_zpid/ (last visited June 3, 2022). Thus, the amount in controversy in this case satisfies the requirements of 28 U.S.C. § 1332(a).

22. By reason of the above facts, (a) the district courts of the United States have original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000; and (b) the case is removable pursuant to 28 U.S.C. § 1441.

PH 1261046.2

**WHEREFORE**, Defendant Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust I prays that this action can be removed from the Arizona Superior Court for Pima County to the United States District Court for the District of Arizona, and that further proceedings in the Pima County Superior Court regarding this action be stayed.

DATED this 7th day of June, 2022.

SPENCER FANE LLP

By *s/ Jessica A. Gale*
David E. Funkhouser III
Jessica A. Gale
Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust I

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants via email and first class mail:

John L. Lohr, Jr.
Jackson D. Hendrix
14500 N. Northsight Blvd., Suite 101
Scottsdale, AZ  85260
jll@hgplaw.com
jhendrix@hgplaw.com
Minute@hgplaw.com
Attorney for Plaintiff

s/ Katrina Thomas
_____